May 29th, 1905.

————o————

## No. 3713.

(Court of Appeal, Parish of Orleans.)

MACHECA REAL ESTATE AND IMPROVEMENT CO., LTD., vs. J. A. MERCIER AND ESTATE OF J. L. MERCIER.

Appeal from Civil District Court, Division "D."

Harry H. Hall, for Plaintiff and Appellee.

Charles F. Claiborne, and McCloskey & Benedict, for Defendant and Appellant.

Issues of fact only are involved herein.

DUFOUR, J. The plaintiff sued defendants to enjoin them from using a sewer pipe constructed by it at a cost of $1103.50, and which connected with the sewer of the Board of Trade at the corner of Common and Varieties Alley.

The defendants answered that they had, for a valuable consideration, obtained from the Board of Trade permission to make connection with the Macheca sewer, and called the Board of Trade in warranty to hold them harmless in case of an adverse judgment.

At the trial the following stipulation was entered into:

"It is agreed between counsel for plaintiff, counsel for defendants, and counsel for warrantor, that should the court reach the conclusion that plaintiff is entitled to an injunction as herein prayed for, it may, in lieu of a judgment granting said injunction, render in favor of plaintiff and against defendant a judgment for $551.50/100, and that a judgment may then be rendered in favor of the defendants and against the warrantor for (*sic*) not to exceed $551.50/100."

It appears that some years ago the Board of Trade of this city laid a sewerage pipe to the river, and, thereafter, upon the signing of a written contract, allowed other parties to lay pipes connecting with their sewer. The crucial stipulation exacted in the usual course was that "whenever any new connection shall be made, the sum to be paid for such privilege shall be fixed by and paid to the Board of Trade, and shall be by it prorated between the said Board of Trade and all prior connecting parties who shall have laid mains at their own expense, between the connecting point and the terminus at the river, on the basis of running feet of such mains used."

It follows from this, that, if warrantor can show that plaintiff entered into a written contract or that the foregoing stipulations were brought to its knowledge and made part of the contract, the warrantor had the right to sell the privilege of connecting without consulting the plaintiff, whose sole right would be to receive its *pro rata* of the price.

It also follows that, if no such contract was made, the Macheca Company had the exclusive right to control its own pipe and to sell for its exclusive benefit the right to use it, or to deny to any and all the privilege of use.

The evidence as to the contract is all one way.

Macheca testifies that he never signed any contract or received any documents with conditions attached, except one that referred to the instructions as to pumping hours, that he paid $550

for the privilege, and one of the reasons why the price was comparatively low was that the Board of Trade needed money. He also says that the impression prevailed that the privilege would be shortlived because of the impending construction of the municipal sewerage system, and this accounts for the failure to impose conditions upon him.

He is not contradicted in any essential particular.

Smith, the secretary of the Board of Trade, acknowledged to have been careful and efficient, died before this cause was tried, but a diligent search among his papers and those of the Board failed to reveal the existence of any written contracts.

Woodward, who was president of the Board at the time of Macheca's application, admits that the only discussion between them was as to the granting of the privilege and the price of connection. He adds that he never saw any written contract, and that he did not explain but took for granted that Macheca knew what the usual regulations were.

It is also shown that, singularly enough, though it was customary for the Board to distribute the *pro rata* of the price paid for connections among prior connecting parties soon after its receipt, the Macheca Company's share of the Mercier payment was not tendered until after the institution of this suit.

Without further reference to the evidence, we find, as did the district judge, that the Macheca Company controlled its own sewer, and had the right to act as it did.

What other conclusion could be reached without rejecting the testimony which the district judge believed, and erecting in its stead a fabric of conjectures and inferences.

There is no error in the judgment awarding to plaintiff $551.50, and the like sum to defendant against warrantor. Judgment affirmed.

May 29th, 1905.

Rehearing refused, June 27th, 1905.

Writ refused by Supreme Court, August 14th, 1905.